**In re the Marriage of Genevieve COTTER, petitioner, Appellant,**

v.

**Maurice Michael COTTER, Respondent.**

No. C3-86-166.

Court of Appeals of Minnesota.

Aug. 12, 1986.

Ellen Dresselhuis, Minneapolis, for appellant.

John Sherman Gowan, Gowan & Volkmar, Chartered, Rochester, for respondent.

Heard, considered and decided by POPOVICH, C.J., and FOLEY and FORSBERG, JJ.

## OPINION

FORSBERG, Judge.

Genevieve Cotter appeals from a dissolution judgment and decree entered October 29, 1985. She claims the trial court erred in its valuation of marital real estate and she takes issue with the trial court's failure to award her an interest in improvements to real property. She disputes the trial court's refusal to grant her child support without making findings on the income of either party. Appellant also seeks the fair rental value of her cropland for the 1985 season, which Michael Cotter farmed pending the seven month delay of entry of judgment following the trial. We reverse and remand.

## FACTS

Genevieve and Michael Cotter were married in 1958. They had four children together and adopted two others. The parties lived on a farm near Austin, Minnesota until March 1983 when they separated.

Prior to the marriage, Michael farmed with his father on their family farm. Following his father's retirement in 1958 Michael formed a farming partnership with his brother Richard. Together they worked the family farm, acquired other farm land, and exchanged land between themselves until the partnership was dissolved in 1980.

At the time of trial, Michael and Genevieve had an interest in 1040 acres of land in Mower and Freeborn counties, most of which was integrated into a single unit. They raised crops and beef cattle.

Much of this land is respondent's nonmarital property. He acquired 220 acres through gifts and inheritance from his parents, and 14 acres from an uncle. The parties inherited 160 acres in common from Michael's aunt, Mabel Cotter.

In 1963 the parties built a home near Michael's parents' home. Their home and all outbuildings which served the farming operation were located on 20 acres which the parties acquired by exchange with Richard Cotter.

During the marriage appellant was the primary caretaker of the children, maintained the home, gardened, cooked for hired help, maintained the farm records and, during the first 18 years of the marriage, provided companionship and care to respondent's parents.

A trial was held on March 20 and 21, 1985. The parties stipulated to joint custody of the three children who were minors at the time of trial: Martin, born in March 1968, Thomas, born in December 1971, and Rose, born in December 1972. They agreed that the two boys would live with respondent and that the girl would live with appellant.

Appellant did not request spousal maintenance.

Although appellant requested child support for Rose of $1,200 per month, the trial court refused to award her any support. The trial court made no findings on the income of either party. In a memorandum the court stated:

> Since both parties are on an equal financial footing and each has custody of a child, I did not award support to either party.

Because appellant is not and will not be immediately employed, apparently her support and the support of the child in her physical custody must be provided by interest income generated from the property awarded to her. Although no findings were made on either party's income, the trial court apparently anticipated that this property would generate substantial income and suggested that she might also utilize her property award to invest in her education.

The parties stipulated as to which property is marital and non-marital. The court did not disturb the non-marital interests of either party. The court divided the marital property giving Genevieve Cotter $367,759, and $332,928 to Michael Cotter. Respondent was given the option of conveying two properties to appellant within six months of judgment in lieu of a substantial portion of the cash payments. He transferred the properties on March 10, 1986.

The court found that 20 acres of the land on which the parties' home was built was marital property. The court found the value of the homestead, farm buildings, and the 20 acres together was $100,000.

No attempt was made by the trial court to determine what percentage of the present value of the non-marital property was due to improvements made during the marriage.

Judgment was not entered until October 28, 1985, a delay of over seven months from the time of trial.

Meanwhile a full crop season passed during which respondent had sole use of all the parties' property and the profits made from it. Appellant raised this issue in a September 9, 1985 letter to the court. She sought rent, apparently on all the property, for the three year period the parties were separated, including the 1985 season. The trial court refused to grant appellant rent, stating:

> No real effort was made to present evidence on this issue and the first time the argument was really raised to my recollection was in petitioner's letter of September 9, 1985. I have gone back through my notes and reconsidered the matter at some length. I concede that it does seem that petitioner should be entitled to some income from the property during the period of the separation. However, I believe I have to make that award based upon the evidence I received. I was not aware of this issue during the trial and perhaps my notes are somewhat lacking for that reason. However, the most I could come up with were the financial statements filed by the respondent which do not suggest any substantial profit from the farm during those three years. In the end I concluded that there was a failure of proof on that issue and decided to let the original Findings stand.

Appellant made a post-trial motion on February 6, 1986, for clarification and enforcement of the judgment, and claiming rent on her share of the Mabel Cotter property for the 1985 crop year in the amount of $7,800.

## ISSUES

I. Was the trial court's finding on the value of the homestead and adjacent building an abuse of discretion?

II. Did the trial court err by its failure to award child support without first making findings on each party's income?

III. Does the seven-month delay of entry of judgment justify equitable relief not requested at the time of trial?

IV. Did the trial court err in its valuation of the marital equity in the Goick farm?

## ANALYSIS

### I.

■ There was conflicting testimony as to the value of the homestead and adjacent buildings. Since either of the estimates of the parties is credible, the finding of the trial court will not be disturbed.

### II.

■ Appellant argues that failure to award appellant child support was error because the court did not make any findings on the needs of the children and the financial condition of the parents. We agree. *Moylan v. Moylan*, 384 N.W.2d 859 (Minn.1986), requires findings on the statutory factors. *See* Minn.Stat. § 518.17, subd. 4 (1984).

## III.

█ Appellant also seeks $7800 in rent for her portion of the Mabel Cotter land farmed by appellant during the 1985 crop season. The record doesn't seem to reveal evidence to support that figure. In any event, because of the delay, both parties may have suffered financial losses. Also, respondent paid $8400 in temporary child support which he would not have had to pay had there not been delay in entering judgment.

The trial court may balance these equitable considerations on remand depending on the amount of child support ordered, if any.

## IV.

█ Respondent filed a notice of review and seeks reduction in the value assigned by the trial court to their marital equity in the Goick property, known also as Hadley, from $13,055.00 to a negative equity of ($11,290.00) for a total adjustment of ($24,-345.00). Correspondingly, he seeks an increase by that amount from $176,000 assigned as marital indebtedness to $200,345, together with an offset to account for the adjustment in the award to appellant as her marital share.

The evidence establishes the agreed marital interest of the parties in the Goick tract to be an undivided two-thirds of the whole. It also establishes their share of the land debt at $68,117, plus interest from July 1, 1984 at eight percent. To date of trial March 20, 1985, the interest totals $3,930 ($15 per diem × 262 days).

In arriving at its findings as to the parties' Goick equity, and all marital indebtedness, the trial court determined the principal indebtedness on Goick was two-thirds of $68,117, indicating in its memorandum that its trial notes so reflected. This was erroneous and should be corrected on remand. Thus, appellant's award of $367,759 should be reduced by $13,244 to $354,515 to conform to the evidence.

## DECISION

Reversed and remanded.